**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **PAUL MACKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  2:26-cv-04085-MDH** |
| | ) | |
| **ALLSTATE INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant Allstate Indemnity Company's ("Allstate") Motion to Transfer. (Doc. 9). Defendant filed Suggestions in Support (Doc. 10), Plaintiff Paul Mackey filed Suggestions in Opposition (Doc. 13) and Defendant has filed a reply. (Doc. 14). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Transfer is **GRANTED**.

**BACKGROUND**

This case arises out of an insurance dispute regarding the total cost of damages to property located at 6542 Neosho Street, St. Louis, Missouri 63109 (the "Subject Property"). Plaintiff is the owner of the Subject Property. Defendant is a foreign corporate insurance company, with its principal place of business in Illinois.

Prior to March 14, 2025, Defendant issued to Plaintiff a Homeowner's Policy of Insurance, policy number 910973238 (the "Policy"). The Policy covered the Subject Property and allegedly insures against all risks of physical loss to the dwelling unless specifically excluded. Plaintiff paid all premiums and fulfilled all obligations required under the Policy. On or about March 14, 2025, the Subject Property suffered damage from a severe hail and windstorm (the "Loss"). Plaintiff

1

notified the Defendant and submitted a claim for damages, which was assigned Claim No. 791659444. The Policy required Defendant to pay Plaintiff the estimated cost to repair or replace the damaged property with equivalent construction and use on the same premises, subject to the limit of liability shown in the Policy declarations.

On or about May 23, 2025, Defendant acknowledged the occurrence of a covered loss. Defendant's May 23, 2025, estimate of covered damages for the Loss totaled $317.20 in Replacement Cost Value ("RCV") and Actual Cost Value ("ACV"). Plaintiff retained Combined Loss Consulting to prepare a loss assessment and estimate for the losses on the Subject Property. Combined Loss Consulting's identified and estimated costs to restore the Subject Property to its pre-loss condition at $163,667.94 RCV. On or about November 11, 2025, a demand for payment was submitted to Defendant with a copy of the Combined Loss Consulting estimate. In a letter dated November 18, 2025, Defendant rejected Plaintiff's demand and requested to reinspect the Subject Property. Defendant's engineering firm, NV5 Consultants, Inc., inspected the property on December 16, 2025, and issued a report dated January 2, 2026. On February 17, 2026, Defendant estimate of covered damages for the Loss was increased to $6,928.79 RCV/ACV. Plaintiff alleges that Defendant's estimate of damages for $6,928.79 RCV failed to provide sufficient funds to Plaintiff to restore and repair the loss. Plaintiff alleges that as a result, he has incurred additional damages and continues to incur additional damages.

Plaintiff filed his Petition in the Circuit Court of Cole County, Missouri alleging one count breach of contract and one count vexatious refusal to pay. The Defendant subsequently removed this action to federal court and now brings its current motion seeking to transfer this case to the United States District Court for the Eastern District of Missouri.

**STANDARD**

2

Section 1404(a) governs the ability of a federal district court to transfer a case to another district. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no "exhaustive list of specific factors to consider in making the transfer decision, but district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Such case-specific factors include (1) the convenience to the parties and the witnesses, (2) the interests of justice, and (3) judicial economy. *Id*. at 913–16.  "In general, federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). "[T]he party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.*

## ANALYSIS

### I.     Convenience of the Parties and Witnesses

The Court will first evaluate whether the convenience of the parties and witnesses factor warrant transferring this case to the Eastern District of Missouri. This inquiry considers sub-factors that include "'(1) the convenience of the parties, (2) the convenience of the witnesses…, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.'" *In re Eyewear Antitrust Litig.*, No. 23-cv-3065 (KMM/JFD), 2024 WL 2956631, at *5 (D. Minn. June 12, 2024) (quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997)). The Court will evaluate each of these subfactors below.

**A.     The Convenience of the Parties**

In evaluating the convenience of the parties, courts may consider the location of the two courthouses and the travel expense that the parties "would likely incur…for airfare, meals and lodging, and losses in productivity form time spent away from work." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).

The Defendant argues that Plaintiff resides in the Eastern District of Missouri and would be the most convenient venue for him. Further, the Defendant asserts that Plaintiff has no connection or relationship to the Western District of Missouri and that Plaintiff's counsel is located in Kansas City, Missouri which is several hours away from Jefferson City. Additionally, the Defendant also states that its counsel is located in St. Louis, Missouri, and that the Eastern District of Missouri would likewise be the most convenient forum for its counsel as well. The Plaintiff does not raise an argument as to this factor.

This subfactor weighs in favor of transfer. The Eastern District of Missouri would be a more convenient venue for both the Plaintiff and Defendant's counsel in this action. While this would be less advantageous for Plaintiff's counsel, it would still not remedy the travel he would most likely have to fair, whether traveling to Jefferson City or Springfield, should the need arise. As such, the Court finds that for the convenience of the parties subfactor weighs in favor of transfer.

**B.     The Convenience of the Witnesses**

"The convenience of the witnesses is an important factor for the court since it determines the relative ease of access to sources of proof." *Oien v. Thompson*, 824 F. Supp. 2d 898, 904 (D. Minn. 2010) (quoting *Graff v. Qwest Commc'ns Corp.,* 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)). However, "[w]hen looking at the convenience of witnesses, courts distinguish between

4

party witnesses and non-party witnesses [because] [c]ourts generally assume that witnesses who are within a party's control, such as employees, will appear voluntarily, even in a distant forum. *In re Eyewear*, 2024 WL 2956631, at *7 (citing *Bae Sys.*, 124 F. Supp. 3d 878 at 885) and *Klatte v. Buckman, Buckman & Reid, Inc.*, 995 F. Supp. 2d 951, 955 (D. Minn. 2014)).

The Defendant argues that the most convenient forum for the witnesses is the Eastern District of Missouri. In support the Defendant argues that this case arises out of an insurance claim involving alleged loss and damage to the Subject Property, which is situated in St. Louis, Missouri. The potential witnesses include Plaintiff, Plaintiff's neighbors, and Plaintiff's contractor(s) who would be located in the Eastern District of Missouri, and that there is no potential witness who would be located in the Western District of Missouri or who would find this District a more convenient forum.

The Plaintiff argues that the Defendant has failed to identify any witnesses by name, fails to describe the expected testimony of any such witness, and fails to demonstrate why any witness would be unwilling or unable to testify in this District. Further, the Plaintiff argues that many relevant witnesses are not located in the Eastern District of Missouri as the Defendant is a foreign insurer, and many of its corporate representatives, adjusters, claim handlers, engineers, and decisionmakers may reside outside Missouri entirely. Thus, the Plaintiff argues this Court should deny transfer based on this subfactor as courts routinely deny transfer motions based upon speculative witness inconvenience arguments.

The convenience of the witnesses' subfactor weighs in favor of transfer. Although Plaintiff has articulated that no specific witnesses have been mentioned outside of the Plaintiff himself, the Court finds Plaintiff's rationale unpersuasive. While there may be witnesses that must come from out of state, the Eastern District of Missouri is a fair more convenient venue for witnesses than the

Western District of Missouri. Besides the Plaintiff residing within the Eastern District, those who have done the assessments of damages on the Subject Property, neighbors or other witnesses are far more likely to be located in or around the St. Louis area than any of those areas that may reside in the Western District of Missouri. All things equal, the Court cannot say that the Western District of Missouri would be a more convenient venue than that of the Eastern District of Missouri. Thus, this subfactor weighs in favor of transfer.

### C.        The Accessibility of Records and Documents

The Defendant argues this subfactor weighs in favor of transfer as virtually every potential witness works or lives in the City of St. Louis, Missouri. Further, the Defendant argues that the Eastern District of Missouri offers the best chance of compelling the in-person attendance at trial for these witnesses citing Federal Rule of Civil Procedure 45(c)(1)(A).[1]

The Plaintiff argues that this subfactor does not tip in favor of transfer. Specifically, the Plaintiff argues that Federal Rules of Civil Procedure 32 and 45 provide mechanisms for obtaining testimony and preserving evidence regardless of venue. Depostions may be conducted remotely or near witnesses' residence, and deposition testimony may be sued at trial when appropriate. Further, Plaintiff argues that the vast majority of evidence in this matter consists of electronically stored information, photographs, estimates, reports, claim file materials, engineering documents, communications, and other records that are readily exchanged electronically. Lastly, Plaintiff asserts that the Defendant has already inspected the Subject Property and thus the location of the Subject Property does not create any meaningful impediment to litigation this matter in the Western District of Missouri.

---

[1] Federal Rule of Civil Procedure 45(c) governs the place of compliance for a subpoena and states in relevant part "[a] subpoena may command a person to attend a trial, hearing, or deposition … within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]"

The accessibility of records and documents subfactor weighs in favor of transfer. Here, the Court generally agrees with the Plaintiff regarding the advancement of technology and the records and documents already created as part of this ongoing dispute. The location of those records and documents already created do not favor the disposition of this motion in one way or another. However, the creation of records and documents, such as through deposition testimony, bears a different problem. The Defendant is correct that Federal Rule of Civil Procedure 45 creates a geographic limitation on the ability of a party to be able to subpoena an individual for the purpose of deposition testimony or for their in-person attendance at trial. Based on this limitation, the Court will conclude that this subfactor weighs in favor of transfer as the 100-mile radius from St. Louis, Missouri would be more encompassing to potential witnesses rather than any location in the Western District of Missouri. For that reason, the Court finds that the accessibility of records and documents subfactor weighs in favor of transfer.

### D.    The Location Where the Conduct Complained of Occurred

When weighing a discretionary transfer, courts emphasize the location where the conduct complaint of occurred. "It is generally appropriate to transfer an action to the district that is the locus of operative facts." *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1108 (D. Minn. 2010) (citing *GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs., Inc.*, No. 02-cv-1224 (RHK/AJB), 2003 WL 1572007, at *2 (D. Minn. Mar. 13, 2003)); *see also GMAC*, 2003 WL 1572007, at *2 ("[A] motion to transfer to the district in which the [operative] events occurred is likely to succeed.").

The Defendant argues that this subfactor weighs in favor of transfer as the Subject Property is situated in St. Louis, Missouri. The Plaintiff does not raise an argument as to this factor. Here, there is no dispute that the Subject Property is located in St. Louis, Missouri. Further, the damage

7

and assessment of the Subject Property all occurred within St. Louis, Missouri. As such, this subfactor weighs in favor of transfer as the location where the conduct complained of occurred in St. Louis, Missouri which resides in the Eastern District of Missouri.

### E.    The Applicability of Each Forum State's Substantive Law

As the motion to transfer asks this Court to transfer from the United States District Court for the Western District of Missouri to the Eastern District of Missouri, there would be no change in the state's substantive law in this matter. For this reason, the Court finds this subfactor is neutral.

Overall, when looking at the subfactors, the convenience of the parties, witnesses, access to records and documents, and the location where the conduct complained of occurred all weigh in favor of transfer to the Eastern District of Missouri while the applicability of each forum state's substantive law subfactor is neutral. Thus, when evaluating whether the convenience of the parties and witnesses factor weighs in favor of transfer to the Eastern District of Missouri, the Court finds it does.

## II.    Interests of Justice

Courts weight the interests of justice factor by considering subfactors that include judicial economy, the plaintiff's chosen forum, the cost to the parties of litigating in either forum, the ability to enforce a judgment, barriers to a fair trial, any issues with conflict of law, and advantages of having local courts determine local law. *See Terra Int'l*, 119 F.3d at 696. The Court will evaluate each subfactor below.

### A.    Judicial Economy

The Defendant argues that this subfactor weighs in favor of transfer as it has sought transfer of this matter at the very inception of this case, even before a scheduling order has been entered, and discovery has not yet begun. Further, the Defendant argues that transferring this case will not

8

give rise to any new issues, nor will it create a need for additional time to bring this case to a close. The Plaintiff argues that transfer would unnecessarily delay proceedings and require duplication of judicial resources.

The Court finds that judicial economy weighs in favor of transfer to the Eastern District of Missouri. No discovery has been made in this case and there would not be any meaningful delay should this case be transferred. The Court finds that this subfactor weighs in favor of transfer to the Eastern District of Missouri.

### B.    Plaintiff's Chosen Forum

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). This general practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

The Defendant argues that the alleged actions underlying the claims at issue here occurred exclusively in St. Louis, Missouri. Thus, the Court should accord minimum deference to Plaintiff's decision to bring suit in the Western District of Missouri. The Plaintiff argues this factor weighs in favor of denying transfer. In support, the Plaintiff argues that he chose to file this action in the Western District of Missouri. The Plaintiff asserts that the Defendant's position that all of the underlying facts occurred in the Eastern District based on the property's location ignores the fact that much of the coverage determinations at issue and the people responsible for those decisions are located outside of the state of Missouri and likely occurred within the Defendant's corporate headquarters. Additionally, the Plaintiff argues that Defendant's position ignores the significant

9

connection this case has to the Western District through Plaintiff's choice of counsel and the fact that Defendant is deemed to be a resident of Cole County under Missouri's venue laws.

The Court finds that Plaintiff's chosen forum weighs against transfer in this case. Plaintiff properly filed his Complaint within the Circuit Court of Cole County, Missouri. When Defendant removed this action to this Court, venue was proper pursuant to 28 U.S.C. § 1441. While the Complaint clearly indicate that operative facts giving rise to this litigation occurred in St. Louis, Missouri, the Court finds that Plaintiff is still entitled to deference on his chosen forum. For the reasons stated, the Court finds this subfactor weighs against transfer to the Eastern District of Missouri.

### C.      Cost to the Parties

Neither party has made an argument as to the costs to the parties. As discussed earlier, discovery has not started in this case, and little has been done up to this point that would affect the cost to the parties. Whether this case stays in the Western District of Missouri or is transferred to the Eastern District of Missouri there would be minimal cost to either party in this action. For that reason, the Court finds that this subfactor is neutral.

### D.      Other Subfactors

The parties do not make any arguments regarding the ability to enforce a judgment, barriers to a fair trial, issues with conflict of law, and advantages of having local courts determine local law. As this is a case regarding a dispute about the damages suffered to the Subject Property within Missouri and the cost associated with fixing those damages, the Court finds that these other subfactors are not significant in this case and do not weigh in favor or against the transfer of this case to the Eastern District of Missouri.

Overall, when looking at the subfactors, judicial economy weighs in favor of transfer to the Eastern District of Missouri, Plaintiff's choice of forum weighs against transfer, and all other subfactors are neutral. Thus, when evaluating whether the interest of justice factor weighs in favor of transfer to the Eastern District of Missouri, the Court finds this factor is neutral. In sum, the Defendant has shown that this case would better served in the Eastern District of Missouri. Although Plaintiff's choice of forum is entitled weight, this analysis shows that this case will benefit the parties, witnesses and judicial economy in the Eastern District of Missouri where it could have been brought originally. For these reasons, the Court will grant Defendant's Motion to Transfer to the Eastern District of Missouri.

**CONCLUSION**

For the reasons stated herein, Defendant's Motion to Transfer Venue is **GRANTED**. This case is hereby transferred to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED**.

DATED: June 9, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**